UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA FARRELL,<br>　　Plaintiff(s),<br>v.<br>MANTERIS-SUNSTRUM COMPANIES, LLC,<br>　　Defendant(s). | Case No.: 2:19-cv-00029-GMN-NJK<br>**ORDER**<br>[Docket No. 10] |

Pending before the Court is Plaintiff's renewed motion for entry of default judgment. *See* Docket No. 10. Pursuant to the Court's order, a supplemental brief was filed. Docket No. 13. The Court held a hearing on December 4, 2019. For the reasons discussed more fully below, the renewed motion is **DENIED** without prejudice.

As a threshold matter, counsel at the hearing acknowledged that due process allows for the inclusion in a default judgment of only the relief sought in the complaint that was served on the absent defendant. *See* Fed. R. Civ. P. 54(c); *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("[F]undamental fairness, required by the due process of law, limits the scope of relief" available through default judgment). Moreover, counsel acknowledged the case law that "the demand for relief must be specific." *Philip Morris*, 219 F.R.D. at 498. Plaintiff's renewed motion for default judgment seeks liquidated damages, which are available under the ADEA when the employer willfully violated the act. *See* 29 U.S.C. § 626(b). Plaintiff's complaint does not allege willfulness and does not include a request for

liquidated damages. *See* Docket No. 1. At the hearing, while arguing that liquidated damages were nonetheless available here, counsel also expressed a desire to potentially seek leave to amend the complaint. The undersigned declines to issue what amounts to an advisory opinion based on an oral representation that amendment may be appropriate. Instead, any motion for leave to amend must be filed by December 18, 2019. Otherwise, the Court will proceed on the complaint that is already on the docket.[1]

The hearing on the motion for default judgment also revealed significant gaps in the briefing and the record. For example, Plaintiff filed a declaration attesting that her only mitigation since March 2016 came in the form of $692.55 earned from Aliante Gaming. Docket No. 10-7 at ¶ 9D. At the hearing, however, Plaintiff testified to receiving tens of thousands of dollars from unemployment benefits and self-employment that was not identified in her declaration.[2] Counsel acknowledged that at least the self-employment income dramatically reduced the amount of compensatory damages that are potentially available here. Counsel also appeared in several instances to indicate a lack of legal research as to the issues now before the Court. For example, counsel argued that liquidated damages under the ADEA are a form of compensatory damages, but was not prepared to discuss whether case law supported that position. *But see C.I.R. v. Schleier*, 515 U.S. 323, 331-32 (1995) (concluding that liquidated damages available in the ADEA are not compensatory in nature). Especially given that the Court has already instructed that the renewed motion needed to be properly developed, Docket No. 9 at 1 & n.1, the Court would be well within its discretion to simply rule based on the incomplete showing made. Nonetheless, the Court finds it in the interest of justice to allow one further opportunity for Plaintiff to file a well-researched and complete motion supported by a fulsome factual showing.[3] To the extent a motion

---

[1] The Court expresses no opinion on whether amendment will be allowed. The Court also expresses no opinion on whether liquidated damages could properly be awarded based on the complaint that is already on the docket.

[2] At the hearing, counsel requested an opportunity to supplement on mitigation and the calculation of damages, which the Court granted. In light of this order, however, the Court finds that the better approach is to simply deny the motion without prejudice so that a complete showing can be made in a second renewed motion for default judgment.

[3] The Court has not attempted to catalogue herein all shortcomings in the present motion. Any second renewed motion for default judgment must provide well-developed argument

2

for leave to amend is not filed, then a second renewed motion for default judgment must be filed by January 8, 2020.[4]

Accordingly, the renewed motion for default judgment is **DENIED** without prejudice. To the extent Plaintiff wishes to amend her complaint, she must file a motion for leave to amend by December 18, 2019. If such a motion is not filed, then a second renewed motion for default judgment must be filed by January 8, 2020.

IT IS SO ORDERED.

Dated: December 4, 2019

                                              Nancy J. Koppe
                                              United States Magistrate Judge

---

supported by citation to pertinent legal authority that addresses all required showings. In addition, there must also be a <u>complete</u> evidentiary record of all of Plaintiff's income since Defendant's termination of her employment, supported by a declaration under oath. The calculation of damages must either account for each source of that income or provide meaningful argument as to why it should not offset the damages amount sought.

[4] If a motion for leave to amend is filed, then this deadline does not apply as the pleadings will not be settled at that point.